IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MAE ANDERSON,

    Plaintiff,

vs.                                    CASE NO. 1:08CV103-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on June 7, 2005, alleging a disability onset date of March 22, 2005, because of obesity, lower back pain, and diabetes. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on April 10, 2007, and entered an unfavorable decision on May 18,

2007.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.      FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments: obesity, mild degenerative disc disease and mild scoliosis of the lumbar spine with chronic lower back pain, and non-insulin dependent diabetes with mild peripheral neuropathy of the feet.  (R. 20).

Plaintiff did not meet the requirements of Listing 1.04(A) because she had full strength in her extremities, no sensory loss, and negative straight leg raising, good range of motion, and normal gait.  (R. 22).  Her alleged mental impairment, depression, is not severe.  (R. 22).

Her allegations of fatigue and back pain so severe that she cannot sit or stand more than 10 minutes at a time are not supported by the record.  The objective tests show only mild back conditions, blood pressure controlled by medication, and only a couple of complaints about fatigue over a four year treatment history.  (R. 23).  Dr. Lamadrid's opinion, offered without "elaboration or analysis" is given little weight, the assessments of the non-examining state agency physicians are in accord with the greater weight of the evidence that she is able to perform at least light work.  (R. 24).  However, the ALJ finds that with Plaintiff's intermittent back spasms and mild peripheral neuropathy, and in a light most favorable to her, she is restricted to sedentary work.  (R. 24).  This assessment precludes her from her past relevant work as a day care provider, housekeeper, cashier, and fast food worker, but applying the grids there are a

**No. 1:08CV103-MP/AK**

significant number of other jobs available in the national economy which she can perform at a sedentary level. (R. 24-25).

## C. ISSUES PRESENTED

Plaintiff argues that the ALJ erred in rejecting Dr. Lamadrid's opinion without good cause; and a vocational expert should have been called because Plaintiff cannot work a full range of sedentary work because of limited use of her lower back, legs and feet.

The government responds that the ALJ properly discounted her allegations of extreme limitation (inability to sit or stand more than ten minutes) were not credible in light of the objective medical evidence which showed only mild impairments in her back and infrequent and conservative treatment. Also, Dr. Lamadrid's opinion in January 2007 was not accompanied by any objective tests, was brief and conclusory, and contradicted the overall medical record. Since Dr. Lamadrid was the only treating source who found her compromised in working the full range of sedentary work, the ALJ properly explained his reasons for not adopting these findings, and the record otherwise supported no nonexertional limitations that would preclude the ALJ from finding her not disabled according to the Medical-Vocational Guidelines.

## D. STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422

**No. 1:08CV103-MP/AK**

(11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

      A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

**No. 1:08CV103-MP/AK**

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairment?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
4. Does the individual have any impairments which prevent past relevant work?
5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner

**No. 1:08CV103-MP/AK**

carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.    SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff's primary treating sources have been the Alachua County Health Department where she has sought treatment for back pain, diabetes, high blood pressure, and anemia. (R. 291-349, 400-426, 428-442). Her diabetes and blood pressure issues were controlled by medication, she was prescribed iron for her anemia, and reported only twice that she had fatigue issues, and she complained intermittently of continued back pain treated with muscle relaxers, ibuprofen and pain medication.

Consultative examinations by Drs. Greenberg and Adhami found her to have normal gait, strength, and sensation with some diminished range of motion (Greenberg), but no muscle spasms and no abnormalities in reflex. (R. 251-256, 286-290).

Dr. Nazario also performed a consultative examination for her mental status, since she had sought no other mental health treatment, and found that she had a depressed mood with some diminished short term memory, but suggested counseling only. (R. 257-260).

Dr. Lamidrid, who is not identified elsewhere in the record as having treated her previously, completed a one page functional assessment wherein he concluded that she

**No. 1:08CV103-MP/AK**

had moderate to severe low back pain, worsened by her obesity, that precluded her from sitting more than 3 hours a day or standing and walking more that one hour a day. (R. 427).

Objective tests include nerve conduction studies in January 2005 showing carpal tunnel syndrome, (R. 283-285) and x-rays in October 2005 revealed mild scoliosis, mild degeneration of the facet joints, and loss of lordosis consistent with muscle spasm. She was unable to undergo a MRI.

Medical records referred to at the hearing, but submitted after the decision was rendered show that x-rays done in March 2007 show a degenerative disc at L5-S1, an epidural injection was recommended with possible fusion "eventually." (R. 454-455). She was noted to be "extremely overweight."

An MRI done in April 2007 confirmed disc protrusion at L4/5 with no evidence of nerve compression. (R. 448).

## F.  SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff was 45 years old at the time of the hearing, she completed the 12th grade, and last worked in 2005. (R. 488-489). Her primary problem is lower back pain which was not caused by any injury, she discovered on tests that she had congenital scoliosis. (R. 491). The pain is constant and goes down both legs into her toes causing tingling. (R. 492). The tingling may be from her diabetes, she's not sure. (R. 493). She can only walk about one or two blocks before her leg tightens in the back, and she can only sit about 10 minutes before the pain starts. (R. 494).

**No. 1:08CV103-MP/AK**

She is married, has two children and a grandbaby at home, and she cooks and does laundry for them, except her grown son does his own. (R. 496). She must take frequent breaks while cooking, and needs to lie down or elevate her feet about every 30 minutes to an hour. (R. 498). About two or three days a week she has a "bad day" and she does nothing and lies down all day. (R. 499). She recently saw Dr. Parr who recommended surgery for the arthritis, but he was awaiting an MRI before proceeding. (R. 500).

## G.  DISCUSSION

### a)  Treating physician opinion

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Nevertheless, the ALJ may discount the treating physician's opinion if good cause exists to do so. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Good cause may be found when the opinion is "not bolstered by the evidence," the evidence "supports a contrary finding," the opinion is "conclusory" or "so brief and conclusory that it lacks persuasive weight," the opinion is "inconsistent with [the treating physician's] own medical records," the statement "contains no [supporting] clinical data or information," the opinion "is unsubstantiated by any clinical or laboratory findings," or the opinion "is not accompanied by objective medical evidence." Lewis v. Callahan, 125 F.3d 1436, 1440

**No. 1:08CV103-MP/AK**

(11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991), (citing Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987)). If an ALJ rejects a treating physician's opinion, he must give explicit, adequate reasons for so doing, and failure to do so results in the opinion being deemed accepted as true as a matter of law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 841 (11th Cir. 1992).

Dr. Lamadrid's opinion is not accompanied by any treatment notes or objective tests. It is not entirely clear whether or not he should even be considered a treating source since there is no proof offered of an ongoing relationship with Plaintiff. A treating physician is defined as a "medical source who provides [the claimant] or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 CFR §404.1502.

Regardless, the ALJ expressed adequate reasons for rejecting this assessment because it was inconsistent with the record as a whole, particularly the objective tests in the record, and was unaccompanied by treatment notes or other tests that might support his findings of severe limitation.

    b)    <u>Grids vs. vocational expert</u>

**No. 1:08CV103-MP/AK**

At step five the Commissioner may in certain cases rely upon the grids to carry his burden of proving that there are jobs which claimant can do despite his inability to perform his past relevant work.  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities.  Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).  The term "significantly limit basic work skills" means that the limitations "prohibit a claimant from performing 'a *wide* range' of work at a given work level."  Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004).   Nonexertional limitations affect a person's ability to meet the other demands of work and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.  Id., at 1242, n.11.

None of the objective tests show a back condition severe enough to cause the pain and limitation Plaintiff reports. None of Plaintiff's treating sources have suggested an aggressive treatment plan as would be expected if the condition were as limiting as Plaintiff describes. Further, Drs. Greenberg and Adhami both found her to have normal strength in her lower extremities, normal gait, normal sensation, with no lower back spasm, and thus there is no basis in the record (except the assessment by Dr. Lamadrid) that would support a finding of significant limitations in the use of her back, legs and feet. Since the ALJ has articulated good cause for rejecting the opinion of Dr. Lamadrid, the remaining record provides substantial evidence to support his findings that nonexertional limitations do not prevent her from a full range of sedentary work.

Thus, there is no merit to this ground for relief.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 17th day of August, 2009.

    s/ A Kornblum_____
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08CV103-MP/AK**